UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x

THOMAS BADERA                                      COMPLAINT
                                                   IN A CIVIL ACTION

        Plaintiff,                              Civ. Action No.

        -against-                              PLAINTIFF DEMANDS
                                                   TRIAL BY JURY
ERIC DEABREU,
                                                   JUDGE ROBINSON
        Defendant.
                                                   07 CIV. 9721
------------------------------------------------------x

      Plaintiff, THOMAS BADERA ("BADERA") by his attorneys, Greenberg & Massarelli, LLP, as and for his Complaint in a Civil Action alleges as follows:

### JURISDICTION AND VENUE

      1.    At all times hereinafter mentioned, plaintiff BADERA resided at 187 Club Road, Stamford, Connecticut and was a citizen of the State of Connecticut within the meaning of 28 U.S.C. 1332

      2.    At all times hereinafter mentioned, defendant ERIC DEBREAU ("DEBREAU") resided at 126B Llewllyn Place, Staten Island, New York and was a citizen of the State of New York within the meaning of 28 U.S.C. 1332

      3.    This court has venue to hear this action pursuant to 28 USC 1391(a)

### FIRST CLAIM

      4.    On June 9, 2007 at 77 South Lexington Avenue, White Plains, New York, DEBREAU published with malicious intent a false defamatory written accusatory statement ("The Statement") about BADERA as follows:

1

"As we were exiting the Merritt Parkway onto I-287, I was coming around off the exit ramp at about 60 mph. In front of me was a gray Volkswagen traveling at about 15-20, the car was traveling much slower than I was traveling. As we got off the ramp and onto the service road, which Det. Kirby told me is Westchester Ave I put my left signal to go around the Volkswagen who was go very slow. As I went to go around him again and again the driver cut me off and moved in front of me without using his signal. I went pass him again and again the driver cut me off and moved in front of me this time stepping on his breaks. I had to break suddenly, the driver then stuck his middle finger up and he sped off in front of me. I was behind him I moved from the left to the middle lane and I was coming up to Volkswagen who had slowed down and was in the left lane. As the driver of the Volkswagen saw that I was coning up he cut me off again and this time came to a complete stop. I had to start to change lanes into the right lane to avoid hitting the Volkswagen. The driver then drove off again. I now started to follow the Volkswagen to get his license plate and to call the police. I was concerned about the cars that were behind me that may have met in an accident because the driver stopped short on the road. I followed the driver onto Westchester Ave underneath the 287 overpass, just behind S. Kensico. I passed the driver of the Volkswagen and was in the right lane. The Volkswagen was also in the right lane behind me. At this time I got out of my car because I couldn't read his plate and I approached the front of the Volkswagen with my phone in my hand. The driver was yelling at me but I don't know what he was saying. I told him that I was getting his plate number and I was calling the police. While he was yelling I saw that he reached down with his right hand into the center console and came up with a knife. I saw a folding knife with a silver blade. I saw that he was attempting to

2

get out of the car and the female passenger in the car was attempting to hold the driver back. I then moved to the driver's side of the Volkswagen and placed my hands on the top of the door frame to stop the driver from getting out of the car. At this time the driver's window is open. The driver grabs my shirt through the open window and told me to let go of the door. I could see that the driver had the knife in his right hand and I wasn't going to let him out. The driver then punched me on the right side of my face with his left hand. The female passenger was pleading with the driver to put the knife down. I then saw her get out of the car and run off at that time the driver cut me on the right arm. My arm started to bleed and I left I was in danger of my life so I let go of the door and went back to my car where I called the police."

    5.    When DEBREAU published The Statement the publication was done by DEBREAU (a) with the specific malicious intent of harming BADERA by causing law enforcement authorities to believe that BADERA had committed criminal acts and (b) with the specific malicious intent of harming BADERA by causing law enforcement authorities to commence a criminal prosecution against BADERA for alleged crimes for which BADERA was not guilty, although DEBREAU knew to a moral certainty that BADERA was not guilty of such alleged crimes.

    6.    The Statement was published on June 9, 2007 at 77 South Lexington Avenue, White Plains to Detective Kirby of the White Plains Police Department among others.

    7.    The Statement constitutes defamation per se.

8. As a result of The Statement being published, Badera has been damaged in his reputation, has suffered emotional anguish, and has been held up to public humiliation all causing him damages for which he is entitled to compensation.

9. By reason of the foregoing, BADERA is entitled to recover compensatory and punitive damages against DEBREAU in an amount exceeding the sum of $75,000, not including the costs and disbursements of this action.

## SECOND CLAIM

9. The preceding allegations of the within Verified Complaint are repeated and realleged in the within paragraph as if set forth fully herein at length.

10. The Statement constitutes defamation per quod.

11. Upon the foregoing, Badera has been damaged in his reputation, has suffered emotional anguish, and has been held up to public humiliation all causing him damages for which he is entitled to compensation.

12. By reason of the foregoing, BADERA is entitled to recover compensatory and punitive damages against DEBREAU in an amount exceeding the sum of $75,000, not including the costs and disbursements of this action.

## THIRD CLAIM

13. The preceding allegations of the within Verified Complaint are repeated and realleged in the within paragraph as if set forth fully herein at length.

14. On June 9, 2007 in the City of White Plains, State of New York, DEABREAU with malicious intent placed BADERA in fear of imminent harm by following him at great speeds in a motor vehicle without provocation and by thereafter blocking BADERA from moving his vehicle on a public roadway and by thereafter

approaching BADERA who was seated in his vehicle in a threatening manner and by thereafter preventing BADERA to leave his motor vehicle all causing BADERA to have reasonable fear that DEABREAU was intending him to do him bodily harm, such acts constituting an assault upon BADERA.

15. Upon the foregoing, Badera has suffered emotional anguish and fear all causing him damages for which he is entitled to compensation.

16. By reason of the foregoing, BADERA is entitled to recover compensatory and punitive damages against DEBREAU in an amount exceeding the sum of $75,000, not including the costs and disbursements of this action.

## FOURTH CLAIM

17. The preceding allegations of the within Verified Complaint are repeated and realleged in the within paragraph as if set forth fully herein at length.

18. On June 9, 2007 in the City of White Plains, State of New York, DEABREAU with malicious intent struck BADERA about BADERA'S body in an action constituting a battery upon BADERA.

19. Upon the foregoing, Badera has suffered emotional anguish and fear all causing him damages for which he is entitled to compensation.

20. By reason of the foregoing, BADERA is entitled to recover compensatory and punitive damages against DEBREAU in an amount exceeding the sum of $75,000, not including the costs and disbursements of this action.

## FIFTH CLAIM

21. The preceding allegations of the within Verified Complaint are repeated and realleged in the within paragraph as if set forth fully herein at length.

22.    On June 9, 2007 in the City of White Plains, State of New York DEBREAU with malicious intent acted to confine BADERA to BADERA's vehicle, and BADERA was conscious of such confinement which confinement was against BADERA'S will and DEBREAU had no privilege justifying the confinement and such confinement constituted a false imprisonment.

23.    Upon the foregoing, Badera has suffered emotional anguish and fear all causing him damages for which he is entitled to compensation.

24.    By reason of the foregoing, BADERA is entitled to recover compensatory and punitive damages against DEBREAU in an amount exceeding the sum of $75,000, not including the costs and disbursements of this action.

WHEREFORE plaintiff BADERA demands judgment against the defendant DEBREAU as follows: on the First Claim in a sum exceeding $75,000; on the Second Claim in a sum exceeding $75,000; on the Third Claim in a sum exceeding $75,000; on the Fourth Claim in a sum exceeding $75,000; on the Fifth Claim in a sum exceeding $75,000, along with the costs and disbursements of this action.

Dated: Purchase, New York
       October 31, 2007

Yours, etc.

GREENBERG & MASSARELLI, LLP

By: William Greenberg
Attorneys for Plaintiff
THOMAS BADERA
2929 Purchase Street
Purchase, New York 10577
(914) 694-1880